| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY ENSLOW,

    Plaintiff,

v.

THURSTON COUNTY SHERIFF'S DEPARTMENT, WASHINGTON STATE, WASHINGTON STATE ATTORNEY GENERAL, and WASHINGTON DC,

    Defendant.

CASE NO. 3:19-cv-05189-RBL

ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

    THIS MATTER is before the Court on Plaintiff Enslow's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint. Enslow's prior cases arising out of the same set of facts was dismissed without prejudice for failure to state a claim. *See Enslow v. Washington*, No. 19-CV-05189-RBL; *Enslow v Washington*, No. 16-CV-05497-RBL-DWC.

    Enslow claims that he was falsely accused of something by an individual named Margie Florec (who is not named as a defendant), after which Thurston County issued a warrant for his arrest. He goes on to allege that the Portland police then kicked down his aunt's door and arrested him. He was then detained six months at the Thurston County jail, after which he alleges he was found not guilty in a jury trial. Enslow also claims that the police that testified at his trial

lied under oath. Enslow now claims that the investigation into his case was constitutionally inadequate and seeks relief in the form of $5,000,000.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Enslow's proposed complaint is insufficient as measured against this standard. The bare factual claim that he was falsely accused, arrested, jailed, and acquitted does not articulate a plausible claim that any of his rights were violated by any of the named defendants. While

Enslow alleges that the sheriff's investigation of his case was inadequate, he provides no further specifics that would make his claim plausible. He also fails to identify which constitutional rights were violated or how. His application to proceed *in forma pauperis* is DENIED. He shall pay the filing fee or file a proposed amended complaint within 21 days of this ORDER or the claim will be dismissed.

Any proposed amended complaint should identify which of Enslow's constitutional rights were violated, how specifically they were violated, and which individuals committed these violations. If Enslow believes he was maliciously prosecuted, he should state the specific grounds for this belief, including how the investigation was inadequate, who lied under oath and how, and why the defendant(s) had reason to believe Enslow was actually innocent. An acquittal alone is not enough to plausibly claim that someone's rights were violated when they were arrested, charged, jailed, or tried.

IT IS SO ORDERED.

Dated this 2nd day of April, 2019.

Ronald B. Leighton
United States District Judge